EDWARD G. SCHLOSS CA Bar No. 102858
LIOR KATZ | CA Bar No. 284559
LANCE KAUFMAN | CA Bar No. 309186
3637 Motor Avenue, Suite 220
Los Angeles, California 90034
Tel: (310) 733-4488 | Fax: (310) 836-4888
B26864/cg

Attorneys for Secured Creditor
FCI Lender Services, Inc., servicing agent for Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BETTY BRANDLY,<br><br>Debtor(s). | Bk. No. 2:17-bk-21292-WB<br><br>Chapter 13<br><br>OBJECTIONS TO DEBTOR'S PROPOSED *FIRST AMENDED* CHAPTER 13 PLAN AND CONFIRMATION THEREOF<br><br>Continued Confirmation Hearing-<br>Date:  January 31, 2018<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>      Courtroom 1375, Thirteenth Floor<br>      255 East Temple Street<br>      Los Angeles, CA 90012<br><br>Honorable Julia W. Brand |

      FCI Lender Services, Inc., servicing agent for Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III ("Secured Creditor" herein), hereby submits the following objections to the confirmation of that certain *First Amended* Chapter 13 Plan (filed on December 22, 2017, as docket entry no. 23) proposed by Debtor Betty Brandly:

      1. This objecting Secured Creditor holds the <u>first</u> Deed of Trust (attached as **Exhibit "A"** to the Declaration of Ron McMahan in Support), recorded on April 11, 2007, against real property generally described as **2840 East 10th Street, Long Beach, CA 90804** ("subject property" herein), which secures a Note (attached as **Exhibit "B"** to

1

the Declaration of Ron McMahan in Support), dated April 4, 2007, in the original principal amount of $400,000.00. Argent Mortgage Company, LLC, the original beneficiary under subject Deed of Trust, assigned its beneficial interest to Mortgage Electronic Registration Systems, Inc. as Nominee for CitiMortgage, Inc. ("MERS" herein), via a Corporate Assignment of Deed of Trust (attached as **Exhibit "C"** to the Declaration of Ron McMahan in Support), recorded on February 23, 2009. MERS then assigned its beneficial interest to FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holdings LLC ("FV-1" herein) via an Assignment of Deed of Trust (attached as **Exhibit "D"** to the Declaration of Ron McMahan in Support), recorded on December 14, 2012. FV-1 then assigned its beneficial interest to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III ("Wilmington Savings" herein) via an Assignment of Mortgage / Deed of Trust (attached as **Exhibit "E"** to the Declaration of Ron McMahan in Support), recorded on January 31, 2017. FCI Lender Services, Inc. is the servicer for Wilmington Savings pursuant to a servicing agreement.

2. Debtor filed the *instant* bankruptcy case on September 14, 2017. Secured Creditor filed a Proof of Claim (claim #3) on November 8, 2017, listing pre-petition arrears in the approximate amount of **$46,479.32** and a total claim in the approximate amount of **$490,452.93** due as of the date of filing of the instant bankruptcy. Debtor's loan was contractually due for the **January 2016** monthly mortgage payment as of the date of filing of the instant bankruptcy.

3. On September 14, 2017, Debtor filed her proposed Chapter 13 Plan (docket entry #8). Debtor's original Chapter 13 Plan proposed monthly plan payments of **$1,060.00** *each* for the first thirty (30) months and then step-up payments of **$2,086.00** *each* for the remaining thirty (30) months, for a total base plan amount of **$94,380.00** (($1,060.00 x 30) + (2,086.00 x 30) = $94,380.00). On October 12, 2017, Secured Creditor filed its Objections to Debtor's Proposed Chapter 13 Plan (docket entry #17) ("Objections"), arguing that Debtor lacked sufficient disposable income to fund the proposed plan payments as Debtor's Schedule "J" listed her disposable monthly income

2

as **$1,058.75**, which was less than the proposed plan payment amounts of $1,060.00 and $2,086.00. Secured Creditor also argued in its Objections that Debtor understated the *pre-petition* arrearage owed to Secured Creditor as only $40,509.00 in her original Chapter 13 Plan, and that once Secured Creditor's total *pre-petition* arrears in the amount of $46,479.32 are taken into account, Debtor's proposed Chapter 13 Plan would become even more infeasible than it already was. As discussed below, Debtor filed the instant *First Amended* Plan that does not cure these objections.

4. Debtor filed her proposed *First Amended* Chapter 13 Plan on December 22, 2017 (docket entry #23), which proposes monthly plan payments of **$1,060.00** *each* for the first thirty (30) months and then step-up payments of **$2,754.00** *each* for the remaining thirty (30) months, for a total base plan amount of **$114,420.00** (($1,060.00 x 30) + (2,754.00 x 30) = $114,420.00). Debtor lacks sufficient disposable income to fund the proposed plan payments. Debtor's Schedule "J" (attached as **Exhibit "F"** to the Declaration of Ron McMahan in Support) still lists Debtor's disposable monthly income as **$1,058.75**, which is less than the proposed plan payment amounts of $1,060.00 and $2,754.00. As Debtor has insufficient income to fund the proposed *First Amended* Plan, Debtor's proposed *First Amended* Chapter 13 Plan is mathematically *infeasible* on its face.

5. Debtor provides in her Schedule "I" (attached as **Exhibit "G"** to the Declaration of Ron McMahan in Support) that she receives **$0.00** per month from her employment as a self-employed hair stylist. In addition, Debtor's Schedule "I" provides that she receives **$1,829.75** each month via "income from 2nd job" but fails to clarify what her "2nd job" may be. Debtor also failed to attach a statement to her Schedule "I" showing the origin of the *purported* income of $1,829.75 from her alleged "2nd job". Debtor's omission of required documentation regarding this *purported* income makes it difficult to know whether said income will remain consistent and whether there is actual proof of said income.

6. Debtor further provides in her Schedule "I" that, as of September 1, 2017, she generates **$700.00** per month via "roommate income". However, Debtor failed to provide

3

any evidence, in the form of copies of a lease agreement or rental receipts, demonstrating that Debtor actually collects rental income from the subject property. Excluding the **$1,829.75** per month in "income from 2nd job" and the **$700.00** per month in "roommate income" from Debtor's *gross* monthly income of **$4,945.75** (pursuant to Debtor's Schedule "I"), will result in Debtor having *gross* monthly income of **$2,416.00** ($4,945.75 - $1,829.75 - $700.00 = $2,416.00). Moreover, Debtor's Schedule "J" provides that Debtor's total monthly expenses are **$3,887.00**. As a result, Debtor will have *negative* disposable monthly income after accounting for her expenses. Debtor does not have the means to fund the proposed *First Amended* Chapter 13 Plan and may not even have the means to fund any Chapter 13 Plan. If this were the case, the Chapter 13 bankruptcy should be converted to a Chapter 7 or dismissed if further proof of income is not provided.

7. According to the information on the Chapter 13 Trustee's website, as of December 27, 2017, the Chapter 13 Trustee has not received the December 2017 plan payment from Debtor. The last plan payment was received by the Chapter 13 Trustee on November 15, 2017. Additionally, Debtor has not made all of the *post-petition* monthly mortgage payments to Secured Creditor, and is currently due and owing for the **December 2017** monthly mortgage payment in the amount of **$1,561.84**. Debtor's nonperformance in failing to make *post-petition* monthly mortgage payments is "cause" for relief from stay pursuant to 11 U.S.C. §362(d)(1). The January 2018 post-petition payment has also came due. To date, Secured Creditor has only received the October and November, 2017 post-petition payments in the total sum of $3,222.44. *See, e.g.*, In re Ellis, 60 B.R. 432, 435 (9th Cir. BAP 1985). The failure to tender all post-petition monthly mortgage payments since the filing of the instant bankruptcy demonstrates the lack of good faith in the Debtor's filing of this case. *See* In re Gavia, 24 B.R. 573 (1982).

8. Under 11 U.S.C. §1307(c), the Court, on request of a party and after notice and a hearing, may dismiss a Chapter 13 case. (Under 11 U.S.C. §105(a), a bankruptcy court also has the power to dismiss a case *sua sponte*. Tennant v. Rojas (In re Tennant), 318 B.R. 860, 869 (9th Cir. 2004).) Section 1307(c) establishes a two-step analysis for

dealing with questions of conversion and dismissal. "First, it must be determined that there is 'cause' to act. Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'" In re Nelson, 343 B.R. 671, 675 (9th Cir. BAP 2006). "Cause" under §1307(c)(5) is "denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan." 11 U.S.C. §1307(c)(5) (emphasis added). "Cause" under §1307(c)(1) is "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. §1307(c)(1).

9. Due to the insufficient funding and infeasibility of the Debtor's proposed *First Amended* Chapter 13 Plan as set forth above, the proposed *First Amended* Plan cannot be confirmed. Dismissal of this case is therefore warranted under both § 1307(c)(1) and § 1307(c)(5).

## CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting secured creditor. It is respectfully requested that confirmation of the *First Amended* Chapter 13 Plan as proposed by Debtor, be denied, and Debtor's case either be converted to a Chapter 7 or dismissed.

WHEREFORE, Secured Creditor prays as follows:

(1) That confirmation of the proposed *First Amended* Chapter 13 Plan be denied.

(2) For attorneys' fees and costs incurred herein.

(3) For dismissal of the Chapter 13 proceeding, with prejudice.

(4) For such other relief as this Court deems proper.

DATED: January 5, 2017    EDWARD G. SCHLOSS

By: /s/ *Edward G. Schloss*
EDWARD G. SCHLOSS
Attorney for Secured Creditor

Z:\LAW FILES\OBJ\LA13FCI.OBJ.FIRST.AMEND.PLAN.Brandly.B26864.wpd